UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**ROBERT FRANCES SINEGAL**                     **DOCKET NO. 6:25-cv-1247**
                                                                         **SECTION P**

**VERSUS**                                                    **JUDGE S. MAURICE HICKS, JR.**

**STATE OF LOUISIANA, ET AL**          **MAGISTRATE JUDGE AYO**

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed on August 11, 2025, pursuant to 42 U.S.C. § 1983 by *pro se* plaintiff Robert F. Sinegal. Rec. Doc. 1. Sinegal is currently detained at the Catahoula Correctional Center in Harrisonburg, Louisiana, but his claims arise out of a 2024 arrest in Vermilion Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the suit be **DISMISSED WITH PREJUDICE**.

### I.     BACKGROUND

On March 21, 2025, Sinegal first filed suit in this Court alleging constitutional violations in connection with an arrest in Vermilion Parish in 2024 and the subsequent prosecution in that parish under docket number 71750. *Sinegal v. State of Louisiana, et al*, Docket No. 6:25-cv-00369 (W.D. La. March 21, 2025). All claims against the officers, judges and attorneys in connection with that matter were dismissed with prejudice on May 9, 2025. Rec. Doc. 46 in 6:25-cv-00369.

On August 11, 2025, Sinegal commenced the instant litigation by filing a civil rights complaint involving the same facts, challenging the same arrest and prosecution. Rec. Doc.1.

## II.     LAW & ANALYSIS

### A. *Frivolity Review*

Although Sinegal paid the statutory filing fee in this matter, the Court must still screen his claims under 28 U.S.C. § 1915A. *Thompson v. Hayes*, 542 F. App'x 420, 420-21 (5th Cir. 2013) (per curiam) ("[U]nder 28 U.S.C. § 1915A(b)(1), the district court is required to review any civil complaints in which a prisoner seeks relief against a government entity, officer, or employee regardless of whether the prisoner has paid the filing fee." (citing *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998))).

Under the Prison Litigation Reform Act, where a prisoner—whether he is incarcerated or detained pending trial—seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

### B. *Duplicative Claim*

"Repetitious litigation of virtually identical causes of action is subject to dismissal ... as malicious." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam). A

complaint is thus malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff" or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation. *Segue v. Carollo*, 2015 WL 2089759 (E.D. La. April 30, 2015), citing *McGill v. Juanita Kraft Postal Serv.*, No. 3:03–CV–1113–K, 2003 WL 21355439, at * 1–2 (N.D. Tex. June 6, 2003) (Ramirez, M.J.), quoting *Wilson v. Lynaugh,* 878 F.2d 846, 850 (5th Cir. 1989); *Ellis v. American Express Life Ins. Co.,* 211 F.3d 935, 938 n.1 (5th Cir. 2000), adopted by, 2003 WL 21467745 (N.D. Tex. June 18, 2003) (Kinkeade, J.); accord *Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993).

The instant complaint raises claims related to the same arrest and prosecution made the subject of Sinegal's previously filed lawsuit. The claims contained herein either were, or could have been, raised in Sinegal's earlier suit. Because Sinegal's complaint is duplicative, allowing it to proceed would be "redundant and an impermissible waste of judicial resources." *Moore v. U.S. Marshals Serv.*, 2010 WL 1978938 (citing *Mayfield v. Collins*, 918 F.2d 560, 561-62 (5th Cir. 1990)).

### III. CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE**, as malicious and duplicative, and for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved

party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

**THUS DONE AND SIGNED** in chambers this 23rd day of October, 2025.

_____
David J. Ayo
United States Magistrate Judge